UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Francisco Martinez Patino,<br><br>　　　Plaintiff<br><br>v.<br><br>Nye County Sheriff Department, et al.,<br><br>　　　Defendants | Case No.: 2:22-cv-00841-JAD-BNW<br><br>**Order Screening and Dismissing Complaint with Leave to Amend by September 16, 2022, and Granting IFP**<br><br>[ECF Nos. 1-1, 4] |

　　　Plaintiff Francisco Martinez Patino brings this civil-rights action under 42 U.S.C. § 1983, claiming that his First, Second, Third, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated by the Nye County Sheriff's Department.  Because Patino applies to proceed *in forma pauperis*,[1] I screen his complaint under 28 U.S.C. § 1915A.  I grant the *in forma pauperis* application, find that Patino has not pled any colorable claims, dismiss the entire complaint without prejudice, and give him until September 16, 2022, to file an amended complaint if he can cure the deficiencies identified in this order.

**I.　　Screening standard**

　　　Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[2]  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek

---

[1] ECF No. 4.

[2] *See* 28 U.S.C. § 1915A(a).

monetary relief from a defendant who is immune from such relief.[3] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[4]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[5] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[6] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[7] but a plaintiff must provide more than mere labels and conclusions.[8] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[9] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[10]

---

[3] *See* 28 U.S.C. § 1915A(b)(1)(2).

[4] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[5] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[6] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[7] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[10] *Id.*

## II. Screening Patino's complaint

Patino sues Defendants Nye County Sheriff's Department and U.S. Immigration & Customs Enforcement for events that occurred at the Nye County Detention Center. Patino brings one claim and seeks monetary relief.[11]

In the complaint, Patino makes a long list of general perceived injustices and slights at the Nye County Detention Center. For instance:

- he requested a Covid-19 booster shot but never received one;
- when he tested positive for Covid-19, jail officials put him in 23-hour lockdown but let "others" into the jail without testing them or isolating them[12];
- jail officials never gave him lotion but gave others lotion, and they also made him go for days without toilet paper and sleep on a cold floor when he first arrived at the jail.

Patino is adamant that his old prison records demonstrate that he has a bottom bunk restriction and that jail officials should have known this. Additionally, Sgt. Bridiga never sent out Patino's mail and Deputy Turek threatened to punch Patino in the face for asking a question.[13] He also alleges that jail officials also knew that an inmate named Muhaud intimidated, hurt, and scared other inmates, but they did nothing about it. Muhaud "threatened" Patino and "attacked" him, but jail officials do not believe Patino because he doesn't speak English "very well."[14] According to Patino, all of these events demonstrate that his First,

---

[11] Inmate Justin Kurpiel helped Patino draft the complaint. ECF No. 1-1 at 10.
[12] ECF No. 1-1 at 3.
[13] *Id.* at 3–4.
[14] *Id.* at 4.

Second, Third, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights have been violated.[15]

### A. Patino's named defendants are dismissed from the complaint.

Patino names two defendants in his complaint: U.S. Immigration & Customs Enforcement and the Nye County Sheriff's Department. Neither is a proper defendant in this lawsuit. U.S. Immigration & Customs Enforcement is not a proper defendant because Patino offers no allegations that demonstrate that this entity is responsible for any of the conduct that he complains of. And the Nye County Sheriff's Department lacks the capacity to be sued here. State law determines a governmental entity's capacity to be sued in federal court.[16] Under Nevada law, "[i]n the absence of statutory authorization, a department of the municipal government may not, in the departmental name, sue or be sued."[17] Although NRS § 41.031 authorizes suit against "any political subdivision of the State," that authorization does not extend to departments of a municipal government.[18] Because the Nye County Sheriff's Department is a department of the Nye County municipal government, it lacks the capacity to be sued. I thus dismiss all claims against these two named defendants, leaving no claims or parties remaining.

### B. Patino's complaint does not comply with FRCP 10.

Even if Patino had sued proper defendants, I would dismiss it under Federal Rule of Civil Procedure (FRCP) 10. That rule requires a plaintiff to must present each separate claim in a

---

[15] *Id.* at 5.

[16] *See* Fed. R. Civ. P. 17(b); *Streit v. Cnty. of Los Angeles*, 236 F.3d 552, 565 (9th Cir. 2001).

[17] *Wayment v. Holmes*, 912 P.2d 816, 819 (Nev. 1996).

[18] *See id.*; *see also Schneider v. Elko Cnty. Sheriff's Dep't*, 17 F.Supp.2d 1162, 1164-65 (D. Nev. 1998) (noting that "A Nevada county falls within this definition, but not a sheriff's department").

separate count.[19]  Instead of separating his claims into distinct, separate counts, Patino vaguely and collectively asserts that his First, Second, Third, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights have been violated, without specifying which rights he's referring to, and he does not identify the factual allegations that correspond to these various violations.  Instead, Patino lumps his allegations and eight causes of action together and essentially leaves it to the court to figure out what his exact claims are and what allegations should support those claims.  The court will not undertake this task.  If Patino chooses to amend, he must restructure his claims so that they comply with FRCP 10 and the directions in the form complaint, and he must describe exactly what each specific defendant, by name, did to violate his rights.

### III.   Leave to amend

I grant Patino leave to amend his complaint to identify: (a) the specific rights he thinks were violated; (b) the specific (and proper target) defendants that violated these rights; and (c) the factual allegations that support his claims.  If Patino chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself.[20]  He must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint."  Patino must follow the instructions on the form.  He need not and should not allege very many facts in the "nature of the case" section of the form.  Rather, in each count, he should allege <u>facts</u>

---

[19] Fed. R. Civ. P. 10(b) (stating that "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count").

[20] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

sufficient to show what each defendant did to violate his civil rights. **He must file the amended complaint by September 16, 2022.**

## Conclusion

IT IS THEREFORE ORDERED that the application to proceed *in forma pauperis* without having to prepay the filing fee **[ECF No. 4] is GRANTED**. Patino need not pay an initial installment fee, prepay fees or costs or provide security for fees or costs, but he is still required to pay the full $350 filing fee under 28 U.S.C. § 1915, as amended. This full filing fee will remain due and owing even if this case is dismissed or otherwise unsuccessful.

In order to ensure that Patino pays the full filing fee, IT IS FURTHER ORDERED that the **Nye County Detention Center must forward from the account of Francisco Martinez Patino, #2095013 to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. If Patino should be transferred and become under the care of the Nevada Department of Corrections, the Nye County Detention Center Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that Patino has paid toward his filing fee, so that funds may continue to be deducted from Patino's account.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to

- **FILE** the complaint (ECF No. 1-1);
- **SEND** Patino the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1), and

- **SEND** copies of this order to the Finance Division of the Clerk's Office <u>and</u> to the attention of **Chief of Inmate Services for the Nye County Detention Center, 1521 E. Siri Ln., Pahrump, NV 89060.**

IT IS FURTHER ORDERED that the complaint (ECF No. 1-1) is dismissed in its entirety without prejudice and with leave to amend. If Patino chooses to file an amended complaint, he must use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption. The amended complaint will be screened in a separate screening order. **If Patino does not file an amended complaint by September 16, 2022, the court will dismiss this action without prejudice.**

Dated: August 16, 2022

_____
U.S. District Judge